Copies Mailed/Faxed 7/22/21
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/21

------------------------------------------------------------x
In Re:

AHMED HUSAIN ZUBAIR,
    Debtor,
------------------------------------------------------------x
AHMED HUSAIN ZUBAIR,
    Appellant,
v.

FAY SERVICING, LLC, as servicing agent for
Wilmington Savings Fund Society, FSB, d/b/a
Christiana Trust, not individually but as trustee
for Hilldale Trust,
    Appellee.
------------------------------------------------------------x
AHMED HUSAIN ZUBAIR,
    Appellant,
v.

KRISTA M. PREUSS,
    Appellee.
------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

20 CV 8829 (VB)

21 CV 4222 (VB)

Appellant Ahmed Husain Zubair, proceeding pro se and in forma pauperis, appeals from (i) a December 4, 2020, "In-Rem Order Granting Motion for Relief from Automatic Stay" (the "Automatic Stay Order") and (ii) an April 26, 2021, "Order Dismissing [the] Case" (the "Dismissal Order"). In re: Ahmed Husain Zubair, Case No. 20-22057-shl (Bankr. S.D.N.Y.).

Now pending is appellant's "Emergency Motion for [a] Stay Pending Appeal and for [a] Temporary Stay Pending Consideration of Motion Against Order Dismissing Bankruptcy," filed in both above-captioned appeals. (20 CV 88829 Doc. #22; 21 CV 4222 Doc #12).[1]

---

[1] Appellant's motions are filed on the dockets for case numbers 20 CV 8829 and 21 CV 4222. Unless otherwise noted, references to "Doc. #___" refer to the docket in case number 20 CV 8829, and "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

1

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8005.

For the reasons set forth below, appellant's motion is DENIED.

In his motion, appellant argues Judge Lane's April 26, 2021, order is "without basis in law or fact" but rather is based on the Chapter 13 Trustee Krista Preuss's misrepresentations to the bankruptcy court. (Doc. #22 at ECF 4).[2] Appellant further asserts "Judge [Lane] and Trustee Krista M Preuss have been in cohorts against the Plaintiff historically since 2018." (Id.). According to appellant, "[t]he Trustee has an established history of bias against Plaintiff." (Id.). Based on these and other unsupported representations, appellant requests the Court grant immediate relief from (i) AmeriCredit Financial Service d/b/a GM Financial Services's repossession of plaintiff's car; and (ii) liquidation/sale and or possession of plaintiff's property located at 90 Bruce Avenue in Yonkers, New York.

In considering whether to issue a stay pending appeal, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir.

---

The caption of appellant's "emergency motion," names as "defendants" Fay Servicing, Bank of America, N.A., SN Servicing Corp, and US Bank Trust National Association. (Doc. #22). However, Bank of America, N.A., SN Servicing Corp, and US Bank Trust National Association are not parties in either of the above-captioned bankruptcy appeals. Nevertheless, SN Servicing Corp. responded to plaintiff's "emergency motion" as an "interested party." (Doc. #26). In SN Servicing's letter, it states it is the current servicer of a mortgage loan encumbering the property at 90 Bruce Avenue, Yonkers, New York 10705. Upon review of the record in plaintiff's bankruptcy proceedings, it appears that the mortgage loan servicing was transferred from Fay Servicing, LLC to SN Servicing Corp in January 2021. (Doc. #82).

[2] Plaintiff repeatedly (and incorrectly) refers to Judge Sean Lane as Judge Sean.

2007). "The first two—likely success on the merits and irreparable injury—are the 'most critical.'" U.S. S.E.C. v. Daspin, 557 F. App'x 46, 48 (2d Cir. 2014) (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)).[3]

First, appellant has not shown he is likely to succeed on the merits of either of his appeals. Instead, his pending motion consists of unsupported allegations of corruption, conspiracy, and biased behavior by the trustee and bankruptcy court which the Court will not countenance. Appellant has provided no factual basis demonstrating he is likely to succeed on the merits of his appeals. For this reason and for the reasons set forth in Fay Servicing, LLC's brief (20 CV 8829, Doc. #20), appellant has not shown he is likely to succeed on the merits of his appeal.

Second, appellant will not be irreparably injured absent a stay even if his appeal will be mooted by the possible foreclosure sale of the real property located at 90 Bruce Ave, Yonkers, New York. The risk of mooting an appeal does not constitute irreparable injury when, as here, the "appeal is unlikely to succeed." U.S. S.E.C. v. Daspin, 557 F. App'x at 49; accord In re BGI, Inc., 504 B.R. 754, 763 (S.D.N.Y. 2014) (whether risk of mooting appeal amounts to irreparable injury "is inextricably related to the appellants' likelihood of success on the merits").

As appellant has not shown a likelihood success on the merits or irreparable injury, "the balance of factors weighs against granting a stay." U.S. S.E.C. v. Daspin, 557 F. App'x at 49.

---

[3] Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

## CONCLUSION

Accordingly, appellant's "Emergency Motion for [a] Stay Pending Appeal and for [a] Temporary Stay Pending Consideration of Motion Against Order Dismissing Bankruptcy" is **DENIED**. (20 CV 88829 Doc. #22; 21 CV 4222 Doc #12).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is directed to terminate the pending motion filed in both above-captioned appeals. (20 CV 88829 Doc. #22; 21 CV 4222 Doc #12).

Chambers will mail a copy of this Order to appellant.

Dated: July 22, 2021
White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge