UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

In Re:                                                  :
                                                        :
AHMED HUSAIN ZUBAIR,                                    :
                        Debtor.                         :

--------------------------------------------------------------x

AHMED HUSAIN ZUBAIR,                                    :        **OPINION AND ORDER**
                        Appellant,                      :
v.                                                      :        20 CV 8829 (VB)
                                                        :
FAY SERVICING, LLC, as servicing agent for             :
Wilmington Savings Fund Society, FSB, d/b/a             :
Christiana Trust, not individually but as trustee       :
for Hilldale Trust,                                     :
                        Appellee.                       :
                                                        :

--------------------------------------------------------------x

AHMED HUSAIN ZUBAIR,                                    :
                        Appellant,                      :
v.                                                      :        21 CV 4222 (VB)
                                                        :
KRISTA M. PREUSS,                                      :
                        Appellee.                       :

--------------------------------------------------------------x

Briccetti, J.:

        Appellant Ahmed Husain Zubair, proceeding pro se and in forma pauperis, appeals from

two orders of the U.S. Bankruptcy Court for the Southern District of New York (Hon. Sean H.

Lane):  (i) "Order Regarding This Chapter 13 Case Future Proceedings," dated September 28,

2020, which terminated the automatic stay with respect to appellant's real property (the

"September 28 Order") and (ii) "Order Dismissing Case," dated April 26, 2021 (the "Dismissal

Order").  In re Zubair, Case No. 20-22057-shl (Bankr. S.D.N.Y.).

        For the reasons set forth below, the September 28 Order and the Dismissal Order are

AFFIRMED.

        The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

**BACKGROUND**

I.    The Mortgage Loan

On October 5, 2007, appellant executed a mortgage with Bank of America, N.A., for 90 Bruce Avenue, Yonkers, New York 10705 (the "Property").  On the same day, he executed a note in the principal amount of $470,000 (the "Note") and delivered the Note to Bank of America. The Mortgage was recorded on November 21, 2007, in the Office of the Westchester County Clerk as Instrument # 473180616.  See In Re Zubair, 20-22057 (Bankr. S.D.N.Y. Sept. 3, 2020) (Proof of Claim 2-1).[1]

On December 4, 2014, Bank of America transferred the Note and Mortgage to Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, its Trustee ("Ventures Trust").  See In re Zubair, 20-22057 (Bankr. S.D.N.Y. Apr. 3, 2020) (Claim No. 2-2 at ECF 37).

On February 12, 2018, Ventures Trust transferred the Note and Mortgage to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not Individually but As Trustee for Hilldale Trust ("Wilmington Savings Fund").  See In re Zubair, 20-22057 (Bankr. S.D.N.Y. Apr. 3, 2020) (Claim No. 2-2 at ECF 39).  Appellee Fay Servicing, LLC ("Fay Servicing"), is the servicing agent for Wilmington Savings Fund.

---

[1]    Rule 8018 of the Federal Rules of Bankruptcy Procedure requires the appellant to serve and file with his principal brief excerpts of the record as an appendix.  By Order dated October 27, 2020, the Court ordered the parties to provide a suitably bound courtesy copy of their joint appendix.  (20 CV 8829, Doc. #4).  Appellant failed to serve and file an appendix and the parties failed to file a joint appendix in Case No. 20 CV 8829.  Although the Court is displeased with the parties' failure to comply with the rules and this Court's order, it will permit the appeal to proceed on the original record.  See Fed. R. Bankr. P. 8018(e).  As such, the record in this appeal consists of appellant's designation of bankruptcy record on appeal (20 CV 8829, Doc. #5), and citations to the underlying bankruptcy docket.

In early 2021, Wilmington Savings Fund transferred the Note and Mortgage on the Property to U.S. Bank Trust National Association, as Trustee of the Igloo Series IX Trust ("U.S. Bank Trust National Association").  SN Servicing Corp. ("SN Servicing") is the servicing agent for U.S. Bank Trust National Association.  On January 5, 2021, SN Servicing filed a Transfer of Claim.  See In re Zubair, 20-22057 (Bankr. S.D.N.Y. Apr. 3, 2020) (Doc. #80).  As such, U.S. Bank Trust National Association is currently the secured creditor and holder of the Note and Mortgage on the Property.

## II.  Other Actions Regarding the Mortgage

On April 6, 2010, the original lender, Bank of America, commenced a foreclosure action on the Property in New York Supreme Court, Westchester County.  Bank of America, N.A. v. Zubair, Index. No. 9301/2010 (N.Y. Sup. Ct., Westchester Cnty.) (the "Foreclosure Action").[2]  A judgment of foreclosure and sale was issued on June 8, 2017.  Id.; see also In re Zubair, 20-22057 (Bankr. S.D.N.Y. June 10, 2020) (Doc. #18-3).[3]

On February 25, 2014, appellant filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York.  In re Zubair,

---

[2]   The Court takes judicial notice of the documents filed in appellant's underlying and prior bankruptcy cases as well as related state and federal court actions.  See Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (quoting Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

[3]   On August 31, 2021, the Supreme Court, Westchester County, issued a decision and order in the Foreclosure Action, granting the U.S. Bank Trust National Association's motion to extend time to complete the foreclosure sale of the Property.  Bank of America, N.A. v. Zubair, Index. No. 9301/2010 (N.Y. Sup. Ct., Westchester County, Aug. 31, 2021).  According to the Notice of Sale in the Foreclosure Action, the Property is scheduled to be sold by an appointed referee at public auction on November 5, 2021.

Case No. 14-22222 (Bankr. S.D.N.Y. Feb. 25, 2014).  Bank of America obtained relief from the automatic stay in that case so the foreclosure action could continue.  Id. at Doc. #12.  The Chapter 7 case was closed on May 23, 2016.

On September 6, 2017—one day before the scheduled foreclosure sale of the Property— appellant filed a Chapter 13 bankruptcy petition in the Bankruptcy Court for the Southern District of New York.  In re Zubair, Case No. 17-23375 (Bankr. S.D.N.Y. Sept. 6, 2017).  The case was dismissed on January 29, 2018, due to appellant's failure to make plan payments.

On August 15, 2018, appellant filed a second Chapter 13 bankruptcy petition in the Bankruptcy Court for the Southern District of New York.  In re Zubair, Case No. 18-23250 (Bankr. S.D.N.Y. Aug. 15, 2018).  On March 29, 2019, this case was also dismissed due to appellant's failure to make plan payments.

Next, appellant filed a federal court action—Zubair v. Bank of America, N.A., Case No. 20 CV 1308 (S.D.N.Y. 2020) (the "Federal Court Action")—asserting claims against Fay Servicing, Bank of America, and others, which was dismissed for failure to state a claim and without leave to amend on July 29, 2020.

III.    Underlying Bankruptcy Petition

On January 10, 2020, appellant filed the instant petition for relief under Chapter 13 of the Bankruptcy Code.  In re Zubair, Case No. 20-22057 (Bankr. S.D.N.Y. Jan 10, 2020).  Appellee Krista M. Preuss was appointed as the Chapter 13 Trustee.[4]

---

[4]     The Appendix Record ("R.") in Case No. 21 CV 4222 is filed on the docket in multiple volumes consecutively paginated.  (Docs. ##26-1 to 26-17).  Accordingly, citations to the Appendix Record are to the consecutive page number, not the page numbers automatically assigned for each volume by the Court's Electronic Case Filing system.

On March 4, 2020, Wilmington Savings Fund filed a proof of claim related to appellant's mortgage loan on the Property ("Proof of Claim").  In re Zubair, Case No. 20-22057 (Bankr. S.D.N.Y. Mar. 4, 2020) (Claim No. 2-1).  On April 3, 2020, Wilmington Savings Fund filed an amended proof of claim related to appellant's mortgage loan on the Property ("Amended Proof of Claim").  (R. 331–374).

On September 17, 2020, appellant filed his proposed Chapter 13 plan, wherein appellant proposed that he make three monthly payments of $182.08 and fifty-two monthly payments of $368.00, for a total of $19,682.54.  (R. 246–255).

The claims filed in the underlying bankruptcy case are as follows:

| Claim | Creditor | Amount | Secured/Unsecured |
|---|---|---|---|
| 1 | T-Mobile | $138.87 | Unsecured |
| 2 | Wilmington Savings Fund (Mortgage 90 Bruce Ave) | $924,085.80 including $525,255.72 mortgage arrears | Secured |
| 3 | Americredit (Car Payments) | $17,530.09 | $14,125.00 Secured $3,405.09 Unsecured |
| 4 | Verizon | $222.31 | Unsecured |

(R. 328–329).

IV.    The September 28 Order

Appellant objected to Wilmington Savings Fund's Proof of Claim on September 3, 2020. In re Zubair, Case No. 20-22057 (Bankr. S.D.N.Y. Mar. 4, 2020) (Doc. #43).  On September 21, 2020, appellee Fay Servicing, as servicing agent for Wilmington Savings Fund, responded to appellant's objection.

On June 10, 2020, Fay Servicing moved for (i) an order pursuant to 11 U.S.C. § 105(a) granting in rem relief as to the Property and (ii) an order pursuant to 11 U.S.C. § 362(d)(4)(B), lifting and vacating the automatic stay with respect to Fay Servicing's interest in the Property.  In re Zubair, Case No. 20-22057 (Bankr. S.D.N.Y. June 10, 2020) (Doc. #18).  Appellant responded

to the motion on September 9, 2020.  Id. at Doc. #44.  Appellee Fay Servicing filed a reply in

support of the motion on September 21, 2020.  Id. at Doc. #52.

During a hearing on September 23, 2020, the Bankruptcy Court considered appellant's

objection to the proof of claim and Fay Servicing's motion for relief from the automatic stay.  The

Bankruptcy Court denied appellant's objection to the proof of claim, granted Fay Servicing's

motion for relief from the automatic stay, and directed Fay Servicing to submit proposed orders

outlining the Bankruptcy Court's decisions.  On September 28, 2020, the Bankruptcy Court

issued an "Order Regarding this Chapter 13 Case Future Proceedings," which memorialized the

rulings made during the September 23 hearing.  In re Zubair, Case No. 20-22057 (Bankr.

S.D.N.Y. Sept. 28, 2020) (Doc. #56).  Specifically, the order states:  "On 09/23/2020 The Court

Granted The 362 Motion, Submit Order; Debtor's Motions Were Denied."  Id.

On December 4, 2020, the Bankruptcy Court issued two orders relating to the decisions

made during the September 23 hearing.  The first, "In-rem Order Granting Motion for Relief

From Automatic Stay," states Fay Servicing's motion to lift the automatic stay pursuant to 11

U.S.C. §§ 105(a) and 362(d)(4)(B) is granted.  In re Zubair, Case No. 20-22057 (Bankr. S.D.N.Y.

Sept. 28, 2020) (Doc. #73).  The order further states that Fay Servicing and "its agents, assigns or

successors in interest, may take any and all action under applicable state law to exercise its

remedies against the Property."  Id.  The second order, "Order Denying Debtor's Objection to Fay

Servicing, LLC as Servicing Agent for Wilmington Savings Fund Society, FSB, D/B/A/

Christiana Trust, Not Individually but as Trustee for Hilldale Trust's Proof of Claim," states that

for the reasons stated on the record during the September 23 hearing, appellant's objection to Fay

Servicing's Proof of Claim is denied.  In re Zubair, Case No. 20-22057 (Bankr. S.D.N.Y. Sept.

28, 2020) (Doc. #74).

On October 6, 2020, appellant filed in the Bankruptcy Court his notice of appeal of the September 28 Order.  In re Zubair, 20-22057 (Bankr. S.D.N.Y. Oct. 6, 2020) (Doc. #58).  According to the notice, appellant contends he is appealing from the September 28 Order.  (20 CV 8829, Doc. #1).

V.      The Dismissal Order

On July 9, 2020, the Chapter 13 Trustee moved to dismiss the underlying bankruptcy case.  Appellant opposed the motion to dismiss.  Following a hearing on April 21, 2021, the Bankruptcy Court granted the Trustee's motion and dismissed the bankruptcy case.  During the April 21 hearing, the Bankruptcy Court concluded dismissal of appellant's Chapter 13 plan was warranted because his plan was not feasible and there was no prospect for reorganization in the case.  Specifically, Judge Lane first noted that appellant failed to honor his obligations to make the periodic payments under his proposed Chapter 13 plan.  (R. 292).  He explained that as of the April 21 hearing, appellant had failed to make adequate payments for protection to any of the secured creditors—none with respect to the mortgage and only two with respect to the car.  (R. 290-91).  He found appellant was delinquent in the amount of $2,048.96 because the total amount due to the Trustee at that time was $4,962.24, but appellant had only paid $2,913.28.  (R. 277).

Second, Judge Lane explained the case had no bankruptcy purpose because the secured claims include approximately $500,000 in secured mortgage arrears, which "far exceeds the value that appears to exist in this case."  (R. 292).

The Bankruptcy Court entered the Dismissal Order granting the Trustee's motion and dismissing the case on April 26, 2021.

On May 7, 2021, appellant filed a notice of appeal of the Dismissal Order in the Bankruptcy Court.  (R. 301–330).

VI.     Procedural History of the Instant Appeals

On October 22, 2020, appellant filed his notice of appeal from the September 28 Order in this Court.  (20 CV 8829, Doc. #1).  Appellant mailed his appellant's brief to Chambers, which the Court docketed on February 9, 2021.  On March 3, 2021, appellee Fay Servicing filed its appellee's brief.  Appellant filed his reply brief on March 26, 2021.

On April 28, 2021, appellant filed his notice of appeal from the Dismissal Order in this Court.  (21 CV 4222, Doc. #1).  On May 13, 2021, the undersigned accepted appellant's appeal from the Dismissal Order (21 CV 4222) as related to his appeal from the September 28 Order (20 CV 8829).  Appellant filed his brief on August 16, 2021.  On October 4, 2021, the Trustee filed her appellee's brief.  Appellant filed his reply brief on October 17, 2021.[5]

**DISCUSSION**

I.     Standard of Review

The Court has jurisdiction to hear these appeals pursuant to 28 U.S.C. § 158(a).  Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, on an appeal from the bankruptcy court, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  In re Bernard L. Madoff Inv. Sec., LLC, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016), aff'd, 697 F. App'x 708 (2d Cir. 2017).[6] A district court "need not agree with every conclusion reached by the Bankruptcy Court and may

---

[5]     On July 7, 2021, appellant filed a document entitled, "Emergency Motion for [a] Stay Pending Appeal and for [a] Temporary Stay Pending Consideration of Motion against Order Dismissing Bankruptcy," in both above-captioned appeals.  (20 CV 8829, Doc. #22; 21 CV 4222, Doc. #12).  The Court denied the emergency motion on July 22, 2021.  Appellant appealed the Court's July 22, 2021, Order to the Second Circuit on September 20, 2021.  That appeal is currently pending.

[6]     Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

affirm the decision on any ground supported in the record." In re Caldor, Inc.–NY, 199 B.R. 1, 2 (S.D.N.Y. 1996), aff'd sub nom Virginia Elec. & Power Co. v. Caldor, Inc.–NY, 117 F.3d 646 (2d Cir. 1997).

A district court reviews a bankruptcy court's conclusions of law de novo and its findings of fact under a clearly erroneous standard. See In re Ames Dep't Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009) (citing Momentum Mfg. Corp. v. Emp. Creditors Comm., 25 F.3d 1132, 1136 (2d Cir. 1994)). With respect to a bankruptcy court's factual findings, clear error exists only when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." In re Manville Forest Prods. Corp., 896 F.2d 1384, 1388 (2d Cir. 1990). "[T]he standard of review for a mixed question depends on whether answering it entails primarily legal or factual work." U.S. Bank Nat'l Ass'n v. Vill. at Lakeridge, LLC, ––– U.S. ––––, 138 S. Ct. 960, 962 (2018).

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).

II.     Appeal from the September 28 Order

In his appeal from the Bankruptcy Court's September 28 Order, appellant contends the Bankruptcy Court erred in granting Fay Servicing's motion for in rem relief, terminating the automatic stay as to the Property, and permitting Fay Servicing, its agents, assigns or successors in interest to take any and all action under applicable state law to exercise its remedies against the Property.

The Court disagrees.[7]

A.    Applicable Law

Section 362 of the Bankruptcy Code provides, in pertinent part, that a bankruptcy petition "operates as a stay, applicable to all entities," of (i) the commencement or continuation of judicial proceedings against the debtor, and (ii) the enforcement, against the debtor or against property of the debtor's estate, of a judgment obtained before the commencement of the debtor's bankruptcy proceeding.  See 11 U.S.C. § 362(a)(1), (2).

However, Section 362(d) of the Bankruptcy Code permits a court, upon the request of a "party in interest," and after notice and a hearing, to "grant relief from the stay . . .  such as by terminating, annulling, modifying, or conditioning such stay."  11 U.S.C. § 362(d).  As relevant to the instant appeal, when the automatic stay is in effect against real property, Section 362(d)(4)(B) permits a court to grant relief from the automatic stay on request of "a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property."  11 U.S.C. § 362(d)(4)(B).

---

[7]    Although dismissal of an underlying bankruptcy case may moot an appeal of an order terminating an automatic stay pursuant to Section 362(d)(1), courts have held an order terminating an automatic stay pursuant to Section 362(d)(4) is not similarly mooted by the dismissal of the underlying bankruptcy case.  See, e.g., Buczek v. Nationstar Mortg. LLC, 2021 WL 631281, at *4 (W.D.N.Y. Feb. 17, 2021).  Here, the order granting in rem relief from the automatic stay states it "shall be binding in any other case filed by any party under the Bankruptcy Code purporting to affect the Property that is filed not later than 2 years after the date of the entry of this Order."  In re Zubair, 20-22057 (Bankr. S.D.N.Y. Oct. 6, 2020) (Doc. #73).  Because the order granting in rem relief survives the dismissal of appellant's bankruptcy case, it has "serious effects outlasting the duration of the dismissed case, [such that] an appellate court could grant effective relief regardless of case dismissal."  Buczek v. Nationstar Mortg. LLC, 2021 WL 631281, at *4 n.7 (citing In re Jimenez, 613 B.R. 537, 544 (B.A.P. 9th Cir. 2020)).

A decision to lift the automatic stay is reviewed for abuse of discretion.  See In re AMR Corp., 730 F.3d 88, 98 (2d Cir. 2013).

B.     Application

Appellant argues the Bankruptcy Court erred in granting Fay Servicing's motion for in rem relief terminating the automatic stay as to the Property for three reasons.  First, he contends the mortgage documents submitted in support of the Proof of Claim and Amended Proof of Claim were false.  Second, he contends Fay Servicing, as servicing agent for Wilmington Savings Fund, has not established itself as a party in interest and is therefore not entitled to relief from the automatic stay.  Third, he contends the Proof of Claim and Amended Proof of Claim filed by Fay Servicing on behalf of Wilmington Savings Fund were deficient.

None of these arguments is persuasive.

1.     Appellant's Challenge to the Mortgage Documents

First, appellant contends the Bankruptcy Court erred in granting Fay Servicing's motion to terminate the automatic stay as to the property and thereby permitting Fay Servicing, its agents, assigns or successors in interest to take any and all action under applicable state law to exercise its remedies against the Property because the mortgage loan documents were fraudulent.  In particular, appellant states, "Judge did not question the authenticity of the note/allonges and purported validity of the transfer of the beneficial interest in the deed of trust to the Defendants as requested in Debtor's pleadings."  (20 CV 8829, Doc. #17 at ECF 17).

As an initial matter, appellant fails to set forth any fact from which the Court can infer the Note or Mortgage were in fact false or fraudulent.  Rule 3001 of the Federal Rules of Bankruptcy Procedure states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  "Assuming that the 'averments in [the] filed claims meet the standard of sufficiency, it is

'prima facie' valid' [and] the burden then shifts to the objector to produce evidence sufficient to negate prima facie validity." Leonard v. HSBC Bank USA, NA, 2021 WL 638201, at *4 (S.D.N.Y. Feb. 16, 2021).  Fay Servicing has satisfied its prima facie burden of proof by submitting its proof of claim along with copies of the original Note and Mortgage and proof of assignment of the Mortgage.  Appellant has not submitted evidence to overcome the prima facie case.

Moreover, appellant's challenge to the authenticity of the mortgage loan documents is barred by the doctrines of res judicata, collateral estoppel, and Rooker-Feldman.

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir. 2002).  "Res judicata, or claim preclusion, means that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action.'" Lobban v. Cromwell Towers Apts., L.P., 345 F. Supp. 3d 334, 343–44 (S.D.N.Y. 2018) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

Here, both the Foreclosure Action and the Federal Court Action ended with an adjudication on the merits.  They both involved appellant as the person against whom res judicata is invoked, and appellant's claims here were or could have been asserted in the Foreclosure Action and the Federal Court Action.  As such, appellant's attempt to relitigate the validity of the mortgage documents is barred by the doctrines of res judicata and collateral estoppel.  See Leonard v. HSBC Bank USA, NA, 2021 WL 638201, at *4.

Moreover, appellant's challenge to the authenticity of the mortgage loan documents is barred by the Rooker-Feldman doctrine, which prohibits federal courts from adjudicating claims

"brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

The Rooker-Feldman doctrine applies when four requirements are satisfied: (i) the federal-court plaintiff has lost in state court,[8] (ii) the plaintiff complains of injuries caused by a state-court judgment, (iii) the plaintiff invites district court review and rejection of that judgment, and (iv) the state-court judgment was rendered before the district court proceedings commenced.  Id. "Rooker-Feldman [is] inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding."  Lance v. Dennis, 546 U.S. 459, 464 (2006).

All four requirements are satisfied here: (i) plaintiff lost the Foreclosure Action; (ii) the injury of which he complains is the state court foreclosure judgment that determined his property was subject to foreclosure; (iii) appellant requests this Court review and reject the state court's finding that the Note and Mortgage provided Bank of America and its successors the right to enforce the Mortgage and foreclose on the property; and (iv) a judgment of foreclosure and sale in the Foreclosure Action was issued on June 8, 2017.

Accordingly, the Court is not persuaded by appellant's argument that the Note and Mortgage filed as attachments to the Proof of Claim or Amended Proof of Claim were false or fraudulent.

---

[8]     "The Second Circuit has held that the Rooker-Feldman doctrine is applicable to debtors' complaints concerning state court foreclosure judgements [sic]."  In re Porzio, 622 B.R. 134, 139 (D. Conn. 2020) (citing Barretta v. Wells Fargo Bank, N.A., 693 F. App'x 26, 28 (2d Cir. 2017) (summary order)); see also, e.g., In re Residential Cap., LLC, 2014 WL 3057111 (Bankr. S.D.N.Y. July 7, 2014).

2.      Appellant's Challenge to Fay Servicing's Standing to Foreclose

Second, appellant contends Fay Servicing is not a party in interest such that it lacks standing to seek relief from the automatic stay.  The Court disagrees.

Section 362(d) requires that a motion to lift the automatic stay be brought by a "party in interest."  However, the term "party in interest" is not defined by the Bankruptcy Code or Rules. See In re Escobar, 457 B.R. 229, 236 (E.D.N.Y. 2011).  As such, courts have held that for a party to establish standing as a party in interest to seek relief from the automatic stay and subsequently to "commence or continue a mortgage foreclosure action[, such party] must be somewhere along the spectrum of providing some evidence of a litigable right or colorable claim at one end, to, at the other end, demonstrating that [it] holds a valid, perfected and enforceable lien and more likely than not will prevail in the underlying litigation stayed by the bankruptcy filing." Id. at 237.

It is clear from the record that Fay Servicing qualifies as a "party in interest" that may seek relief from the automatic stay under Section 362(d).  In particular, Fay Servicing's provision of a copy of the original note and mortgage, the assignment of mortgage from the original lender (Bank of America) to Ventures Trust, and the assignment of mortgage from Ventures Trust to Fay Servicing, is sufficient to establish Wilmington Savings Fund owned the Note and had standing as a party in interest at the time it filed the Proof of Claim and Amended Proof of Claim. See In re Campora, 2015 WL 5178823, at *4–5 (E.D.N.Y. Sept. 3, 2015) (affirming bankruptcy court's determination that mortgage creditor established standing as a party in interest through production of original note and demonstrating it is holder and owner of that note).  Appellant has provided no evidence to the contrary.

Accordingly, the Court is not persuaded by appellant's argument that the Bankruptcy Court erred in concluding Fay Servicing is a party in interest as defined by Section 362(d) of the Bankruptcy Code.

3.    Appellant's Challenge to Fay Servicing's Proof of Claim

Finally, appellant contends the Bankruptcy Court erred in lifting the automatic stay

because the Proof of Claim and Amended Proof of Claim filed by Wilmington Savings Fund were

defective.[9]

The Court disagrees.

First, appellant asserts "no complete, valid, and attested creditor claim has been filed."

(20 CV 8829, Doc. #17 at ECF 14).  A "proof of claim" is "a written statement setting forth a

creditor's claim."  Fed. R. Bankr. P. 3001(a).  To be valid, a proof of claim must:

> "[C]onform substantially to the appropriate Official Form," Fed. R. Bankr. P.
> 3001(a); include "an itemized statement of the interest, fees, expenses, or charges"
> included within the claim total, Fed. R. Bankr. P. 3001(c)(2)(A); attach a copy of
> the writing that secures the claim (if applicable), Fed. R. Bankr. P. 3001(c)(1);
> include "the attachment prescribed by the appropriate Official Form" if the security
> interest is the debtor's principal residence, Fed. R. Bankr. P. 3001(c)(2)(C); and
> provide "evidence that the security interest has been perfected," Fed. R. Bankr. P.
> 3001(d).

In re Wilson, 532 B.R. 486, 490 (S.D.N.Y. 2015).  Here, the Proof of Claim and Amended Proof

of Claim contain all of the requisite elements:  (i) they were filed on an Official Form 410; (ii)

contain an itemized list including the principal balance, interest, fees, costs, and total debt due;

and (iii) include as attachments copies of the Note, recorded Mortgage, recorded Assignment and

escrow account disclosure statement.  Thus, the Court finds that the Proof of Claim and Amended

Proof of Claim were filed in accordance with the Federal Rules of Bankruptcy Procedure.

---

[9]    Appellee Fay Servicing contends that appellant did not appeal from the Bankruptcy
Court's denial of his objection to the proof of claims filed by Wilmington Savings Fund regarding
the underlying mortgage loan.  (20 CV 8829, Doc. #20 at ECF 13).  Specifically, in its appellee's
brief, Fay Servicing states "[t]his is an appeal by the Debtor in a Chapter 13 bankruptcy
proceeding from an "In-Rem Order Granting Motion for Relief from Automatic Stay."  (Id. at
ECF 6).  Fay Servicing then cites to the December 4 Order.  Fay Servicing is wrong.  It is clear
from appellant's notice of appeal filed in both the Bankruptcy Court and this action that appellant
appeals from the Bankruptcy Court's September 28 Order, which includes the denial of
appellant's objection to Wilmington Savings Fund's Proof of Claim.  (Doc. #1).

Appellant's arguments to the contrary fall short.

First, appellant contends Fay Servicing's Proof of Claim and Amended Proof of Claim are deficient because Fay Servicing did not file an Official Form 410S1.  A Form 410S1, "Notice of Mortgage Payment Change," is filed to provide notice "of any changes in the installment payment amount" "if the debtor's plan provides for payment of post contractual installments on your claim secured by a security interest in the debtor's principal residence."  Form 410S1.  Fay Servicing does not contend there was a change in the amount of appellant's installment payment.  Nor is it clear from the record that the Property is appellant's primary residence.  Therefore, Fay Servicing's failure to submit a Form 410S1 is irrelevant to the validity of the proof of claims.

Second, appellant contends Fay Servicing's Form 410S2, the "Notice of Postpetition Mortgage Fees, Expenses and Changes," filed on May 6, 2020, was untimely.  However, Rule 3002.1 of the Federal Rules of Bankruptcy Procedure, which governs the filing of such notices, does not require this form be filed simultaneously with the initial proof of claim.  Rather, it requires notice be "served within 180 days after the date on which the fees, expenses, or charges are incurred."  Fed. R. Bankr. P. 3002.1.

Finally, appellant contends the required forms were filed after the Bankruptcy Court's deadline for doing so.  Appellant is wrong.  The Proof of Claim was filed on March 4, 2020, approximately sixteen days before the March 20, 2020, claims bar date.

Accordingly, the Bankruptcy Court's September 28 Order terminating the automatic stay and denying appellant's objection to Wilmington Savings Fund's Proof of Claim and Amended Proof of Claim is affirmed.

III.    Appeal from the Dismissal Order

Appellant argues the Bankruptcy Court erred in dismissing his Chapter 13 bankruptcy case.

The Court disagrees.

A.      Legal Standard

11 U.S.C. § 1307(c) of the Bankruptcy Code provides that "on request of a party in interest or the United States trustee and after notice and a hearing, the court . . . may dismiss a case under this chapter . . . [if it] is in the best interests of creditors and the estate, for cause." Section 1307(c) enumerates eleven non-exhaustive grounds which constitute sufficient cause for the dismissal or conversion of a Chapter 13 case.  See In re Froman, 566 B.R. 641, 647 (S.D.N.Y. 2017).

As relevant to the instant action, Section 1307(c)(4) provides a "for cause" dismissal may be premised on a debtor's "failure to commence making timely payments under section 1326 of this title."  11 U.S.C. § 1307(c)(4).  In addition, Section 1307(c)(5) provides a bankruptcy court may dismiss a Chapter 13 petition after notice and a hearing when the plan has been denied under 11 U.S.C. § 1325, which sets forth the items that must be included in a plan if a bankruptcy court is to confirm it.

Courts have also upheld the dismissal of Chapter 13 petitions when the plan was not feasible, and therefore not confirmable.  See, e.g., In re Taneja, 789 F. App'x 907, 909–10 (2d Cir. 2019) (summary order) (affirming dismissal of Chapter 13 petition when debtor's proposed plan was not feasible and therefore not confirmable because she failed to show she could comply with the terms of the plan); In re Scott, 188 F.3d 509 (6th Cir. 1999) (affirming dismissal of Chapter 13 bankruptcy case based on denial of plan when there existed sufficient evidence in the

record to support the bankruptcy court's determination that appellant's proposed plan was infeasible).

B.    Application

Upon de novo review of the record and arguments, the Court concludes that the Bankruptcy Court properly dismissed appellant's Chapter 13 bankruptcy case for cause due to appellant's failure to submit a confirmable plan under Section 1325.

In the Dismissal Order, the Bankruptcy Court stated that it dismissed appellant's case under Section 1307(c) due to appellant's failure "to comply with Section 1325(a)(6) in that [appellant] failed to submit timely Chapter 13 plan payments to the Trustee."  (R. 262).  The Bankruptcy Code provides that a court shall confirm a plan if all the requirements of Section 1325 are satisfied.  Section 1325(a)(6) requires that the court consider whether a debtor can demonstrate he or she "will be able to make all payments under the plan and to comply with the plan."  11 U.S.C. § 1325(a)(6); see also In re Taneja, 789 F. App'x at 909.

During the April 21, 2021, hearing, the Bankruptcy Court found appellant had failed to pay the periodic payments called for by his proposed Chapter 13 plan.  Specifically, the proposed plan called for three monthly payments of $182.08 and fifty-two monthly payments of $368.00.  (R. 247).  During the hearing, counsel for the Trustee stated the Trustee had received only a few sporadic payments, most of which were for less than the amounts owed to the Trustee every month, and several months had passed without any payment whatsoever.  (R. 276–277).  Judge Lane found Doc. #96, filed by appellant in the Bankruptcy Case, which included a chart listing the payments appellant had made to the Trustee during the course of the bankruptcy, confirmed appellant had failed to honor his obligation to make payments called for by the proposed plan.  (R. 290–291).  Appellant's failure to make timely payments demonstrates his inability to comply

with the plan under Section 1325(a)(6) and justifies dismissal of his case under Section 1307(c). Thus, the Court concludes the Bankruptcy Court did not err in dismissing appellant's Chapter 13 case based on his failure to remit timely payments.

The Bankruptcy Court also found the plan was not feasible because it proposes to pay a total of $19,682.24 when the arrears claim on the Mortgage stands at $525,255.72. This is what Judge Lane referred to during the hearing as a "tyranny of the numbers." (R. 292). Although in his reply brief, appellant contends he could pay a monthly mortgage of $4,000, he stated in his proposed Chapter 13 plan that he could not pay more than three monthly payments of $182.08 and fifty-two monthly payments, for a total of $19,682.54. (R. 246–255). According to the proposed plan, "payments greater than that proposed by this Plan for 60 months would create an economic hardship for the Debtor." (R. 247). Therefore, the existing plan as proposed is not feasible and justifies dismissal of appellant's bankruptcy case under Section 1307(c).

Alternatively, appellant's Chapter 13 case was properly dismissed pursuant to Section 1307(c)(5) for appellant's failure set forth in his proposed plan each secured claim. As explained above, "Section 1325(a) sets forth the items that must be included in a plan if the court is to confirm it, [which] include[es] a set of requirements with respect to each allowed secured claim." Leonard v. HSBC Bank USA, NA, 2021 WL 638201, at *5 (citing 11 U.S.C. § 1325(a)(5)). When a debtor fails to include in his or her plan all the secured claims, courts have found the plan is not confirmable and therefore grounds for dismissal of the bankruptcy case. See id. (affirming bankruptcy court's dismissal of Chapter 13 plan under Section 1307(c)(5) when appellant failed to list secured claims in proposed plan); see also In re Campora, 2015 WL 5178823, at *10 (finding appellant's proposed plan failed to comply with Section 1325(a) and was not confirmable

because it did not provide for appellant's payment of the mortgage arrears on the proof of claims

filed by the creditors).

Rather than recognize the mortgage arrears as a secured claim, in the section titled

"Additional Non-Standard Provision" of his proposed Chapter 13 plan, appellant states:

> The Debtor has filed an objection to Proof of Claim 2-1 and opposition to Motion
> for Relief from Stay (Doc. #18) with the hearing set for There is a set hearing for
> 9/23/2020 @ 10:00 a.m.  This can also be considered as a Notice of Intent to file
> an Adversary Proceeding regarding the alleged creditor, Wilmington Savings Fund,
> FSB d/b/a Christiana Trust, not individually but as Trustee for Hilldale Trust.  The
> claim is not to surpass true market value.  Until this matter is settled, the Debtor
> will retain homestead and remain in payment stoppage.

(R. 254).  Appellant's unsupported objection to the Proof of Claim and Amended Proof of Claim

does not justify his decision to omit the mortgage arrears as a secured claim.  As such, appellant's

failure to list the secured mortgage arrears under secured claims is fatal to the confirmation of his

plan and therefore grounds for dismissal of his Chapter 13 case.

Finally, the Court is not persuaded by appellant's contention that the Bankruptcy Court

erred in dismissing his Chapter 13 case because it did not permit him an opportunity to engage in

"loss mitigation."

> Loss mitigation is a program that "function[s] as a forum for debtors and lenders to
> reach consensual resolution whenever a debtor's residential property is at risk of
> foreclosure by opening the lines of communication between the debtors' and
> lenders' decision-makers."  The Hon. Cecelia G. Morris & Mary K. Guccion, The
> Loss Mitigation Program Procedures for the United States Bankruptcy Court for
> the Southern District of New York, 19 Am. Bankr. Inst. L. Rev. 1, 4 (2011).  The
> loss mitigation program does not compel parties to modify the loan, but does
> compel the parties to participate in good faith.  Id.

In re Hosking, 2016 WL 128209, at *1 (S.D.N.Y. Jan. 11, 2016).  As an initial matter, appellant

has presented no authority, nor is the Court is aware of any such authority, suggesting that he was

entitled to a loan modification.  Moreover, there is ample support in the record demonstrating loss

mitigation would have been impractical and unrealistic.  For example, appellant's actions with

regards to the Property and his arguments regarding the Mortgage (i.e., simultaneously arguing no Mortgage exists and that he is entitled to a loan modification) suggest appellant is unable to negotiate in good faith.  As such, the Court finds the Bankruptcy Court did not err in denying appellant's request to be sent to the loss mitigation program and instead dismissing his Chapter 13 case.

**CONCLUSION**

The Bankruptcy Court's September 28 Order and Dismissal Order are AFFIRMED.

The Clerk is directed to terminate the pending appeals and close these cases.  (20 CV 8829, 21 CV 4222).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order to appellant.

Dated:  October 26, 2021
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge